United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mahmoud Mohamed,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>John E. Potter, et al.,<br><br>　　　　Defendants.<br>_____/ | No. C 05-2194 CRB (JL)<br><br><br>**DISCOVERY ORDER** |

**Introduction**

All discovery in this case has been referred by the district court (Hon. Charles R. Breyer) as provided by 28 U.S.C. §636(b) and Civil Local Rule 72. Plaintiff filed a motion to compel production of documents on June 8, 2007, noticing a hearing on July 5. This is less than the minimum of 35 days between filing and hearing required by Civil Local Rule 7-2(a). Plaintiff filed no application for an Order Shortening Time. July 5 is also a Thursday; this Court's Law and Motion Calendar is heard on Wednesday. The parties are preparing for hearing on Defendant's motion for summary judgment. Plaintiff received an extension of time from Judge Breyer in order to review the voluminous discovery documents already produced by Defendant before filing his opposition by July 20.

Judge Breyer ordered:

> The Court finds it appropriate to give Plaintiff, who is not a native English speaker and who is proceeding pro se in this matter, additional time to comb through the

thousands of pages of discovery produced by Defendant. The Court recognizes that many of these thousands of pages should already be familiar to Plaintiff, who was responsible for generating many of these materials through the nine complaints he filed before the EEOC, and who is familiar with the subject matter of these materials through his participation in those proceedings.

(Order filed 5-1-07, dkt# 90)(granting Plaintiff's request for additional time to file his opposition to Defendant's motion for summary judgment).

The motion for summary judgment will be heard on August 17.

**Relief Sought**

Plaintiff describes efforts to meet and confer regarding discovery in March, April and May 2007. In much of his motion Plaintiff repeats what he has requested in previous motions to compel before this Court. In fact he includes exhibits and contentions which exactly duplicate those in previous motions. He appears to request the following:

1. Manager Herb Gauthier and Manager Kirby Faciane's "sexual misconduct record" and their EEOC files;
2. Carol Miller and "other individuals'" EEOC files;
3. Plaintiff's EEOC files, injury compensation files, personnel files, medical and OPF files;

**Defendant's Response to Plaintiff's Requests**

In January 2007, Defendant responded to Plaintiff's First Set of Requests for Production of Documents. (Ex. 7 to Plaintiff's motion).

That all of Plaintiff's medical documents had been produced, except for those listed on the privilege log provided to Plaintiff in June 2006;

That all of Plaintiff's files had been produced, except for any documents listed on the above privilege log;

That some of the documents already produced contain documents from the files of potential witnesses in this case, except for those withheld on the basis of privilege, which are listed on the privilege log described above;

That all documents concerning any Postal investigation of Plaintiff have already been produced;

1  That there are no files or documents with information about any sexual misconduct;

2  That Defendant has already produced all documents pertaining to Herb Gauthier

3 and to Carol Miller and any role she may have played in Plaintiff's employment.

## Conclusion

This Court finds that Plaintiff's document requests are overbroad, that Defendant has already produced thousands of pages of documents in response to Plaintiff's requests and that Plaintiff has used this voluminous production as justification to seek an extension of time to file his opposition to Defendant's motion for summary judgment.

This Court further finds that it would be more productive for Plaintiff to spend his time reviewing the documents he has already received and drafting his opposition to Defendant's summary judgment motion rather than filing discovery motions for documents which either do not exist or which are already in his possession.

Plaintiff's motion to compel is denied. Defendant need not file an opposition. The hearing date of July 5 is vacated.

.  IT IS SO ORDERED.

DATED: June 11, 2007

_____
JAMES LARSON
Chief Magistrate Judge

G:\JLALL\CHAMBERS\CASES\CIV-REF\05-2194\ord-deny-discovery.wpd