1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MAHMOUD MOHAMED,

      Plaintiff,

  v.

JOHN POTTER,

      Defendant.

_____/

No. C 05-02194 CRB

**ORDER**

On October 23, 2007, this Court granted the defendant's motion for summary judgment and entered judgment against plaintiff Mahmoud Mohamed.  Subsequently, the defendant filed a Bill of Costs for $14,065.38 pursuant to Federal Rule of Civil Procedure 54(d).  Mohamed has now objected to the bill of costs, arguing that the government's costs were excessive.

Under Rule 54(d), there is a presumption that the prevailing party will be awarded its taxable costs.  See Save Our Valley v. Sound Transit, 335 F.3d 932, 944 (9th Cir. 2003). To overcome this presumption, a losing party must establish a reason to deny costs.  See Stanley v. Univ. of S. Cal., 178 F.3d 1069, 1079 (9th Cir. 1999).

Mohamed argues that imposing the bill of costs on him will "deter most people who suffer from discrimination from going to federal court."  The chilling effect of imposing high costs on civil rights litigants is indeed one factor that may justify denying costs to the prevailing party.  Other factors that justify denying costs include: (1) a losing party's limited

financial resources; (2) misconduct by the prevailing party; (3) the issues in the case were close and difficult; (4) the prevailing party's recovery was nominal, partial, or substantially less than that sought; (5) the losing party litigated in good faith; and (6) the case presented a landmark issue of national importance.   See Champion Produce, Inc. v. Ruby Robinson Co., Inc., 342 F.3d 1016, 1022-23 (9th Cir. 2003).

In this Court's opinion, the plaintiff has not sufficiently overcome the presumption that the defendant is entitled to costs as the prevailing party.  Almost all of the Champion Produce factors weigh against Mohamed's objection.  Mohamed did not file his complaint in forma pauperis, and there is no evidence in the record that would support the conclusion that he has limited financial resources; there is no evidence of misconduct on the part of the government; the issues in this case were not particularly close or difficult; the government's recovery was complete; and the case does not present a landmark issue of national importance.  Accordingly, imposing costs on Mohamed is appropriate.

Mohamed argues that at the least, the government's bill should be reduced because it includes excessive costs.  "[T]he costs and expenses incurred by counsel are subject to a test of relevance and reasonableness in amount."  In re Media Vision Tech. Sec. Litig., 913 F. Supp. 1362, 1366 (N.D. Cal. 1996).  To be sure, spending almost $5,000 on paper copies appears rather excessive at first blush.  However, this case involved a review of nine separate EEOC complaints filed by Mohamed.  Because Mohamed did not submit the relevant portions of his EEOC proceedings into the record, the government was forced to do so.  The government's copying costs were great not because they used a vendor with an excessive rate, but because the government had to make over 40,000 copies.  The government's other costs are similarly reasonable.

///

1       In sum, the Court finds that the government's expenses, though great, were relevant

2   and reasonable in light of the nature of this litigation.  Accordingly, Mohamed's objection to

3   the government's bill of costs is DENIED.

4       **IT IS SO ORDERED.**

5

6

7   Dated: November 2, 2007                          _____
                                                      CHARLES  R. BREYER
8                                                     UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California